UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT YAKIMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NUMBER |
| Plaintiff, | ) | 1:15-CR-02060 |
| v. | ) | |
| ANGEL JOSE RANGEL | ) | |
| Defendant. | ) | |

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 21 2018

SEAN F. McAVOY, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

MEMORANDUM IN SUPPORT OF § 2255 MOTION

STANDARD FOR REVIEW

To demonstrate ineffective assistance of counsel, the defendant must show (1) that his attorney's performance was so deficient that the attorney failed to function as counsel as guaranteed by the Sixth Amendment, and (2) that the deficient performance was sufficiently prejudicial as to undermine the Court's confidence of the proceeding. STRICKLAND v. WASHINGTON, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed 674 (1984). The defendant must show that his "counsel's performance was deficient and that the deficient performance prejudiced his defense" to prove ineffective assistance claim. Iaea v. Sunn, 800 F.2d at 864 (9th Cir, 1986) (citing STRICKLAND v. WASHINGTON (1984)). Counsels performance must be outside "the range of competence demanded attorneys in criminal cases" Id. (citing HILL v. LOCKHART 474 U.S. 52, 56, 88 L. Ed. 2d 203, 106 S.Ct. 366 (1985)).

GROUND ONE: COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISADVISING PETITIONER THAT IF HE PLEAD GUILTY HE WOULD RECEIVE A SENTENCE OF 30 MONTHS IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

(1) ATTORNEY COERCED PETITIONER INTO PLEADING GUILTY

Attorney John R. Cowley ("counsel hereinafter") coerced Angel Jose Rangel ("petitioner hereinafter") into signing the plea agreement through false promises. Petioner's plea should be considered involuntary. See Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002) (citing Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S. Ct. 366, 88 L.Ed. 2d 203 (1985)). "In the context of a guilty plea, a petitioner must show (1) his counsel failed to provide reasonable competent advise, and that (2) there was a reasonable probability that, but for counsel's error, he would not have plead guilty and would have insisted on going to trial" Hill v Lockhart, 474 U.S at 58-59.

First, petitioner was promised by counsel that he would receive a sentence of 30 months--counsel made this promise in order to get him to plead guilty. Counsel miscalculated the possible sentence petitioner would be exposed to; after proper calculations petitioner's counsel should have been aware the guideline range would have been 77-96 months, a far reach from the 30 months promised. Even assuming petitioner would have received a three-level downward departure for Acceptance of Responsibility set forth under §3E1.1, petitioner would still have ended up with a calculated range of 51-63 months. Counsel assured petitioner, and including family members, that the cou

rt would impose a 30 month sentence, adding pressure on petitioner from his family to plead guilty (see Affidavit(s) in support). Counsel continued to assure petitioner of a 30 month sentence; up until just before petitioner was sentenced (see Sentencing Memorandum in support). Counsel asked the court to impose a 30 month sentence because this is what he promised petitioner.

Second, counsel frightened petitioner into pleading guilty, threatening him with a possible enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)--if petitioner proceeded with a trial he was told that he could very well receive a Life sentence. In the case at bar petitioner did not meet the requirements set forth in ACCA, counsel's mischaracterized the law, and misadvised petitioner of the possible penalties. Petitioner was told by counsel to answer all questions during the plea hearing positively in order to get a low sentence, or he would risk an exposure to a Life sentence. Petitioner based his decision to plea guilty on erroneous advise given by counsel. Counsel advised him that under existing law, he would receive a Life sentence if he was found guilty at trial--petitioner believed he was avoiding a possible Life sentence by pleading guilty. See Iaea v. Sunn, 800 F.2d 861 (9th Cir. 1986) ("Gross mischarachterazation of the likely sentencing outcome presented in the case, combined with... erroneous advise on the possible effect of sentencing statue if defendant went to trial, falls below the level of confidence required of defense attorney"). Counsel grossly mischaracterized the possible outcome of the proceedings if he opted for trial. Petitioner was not afforded the proper tools

to make an informed decision as to whether or not he should proceed with trial or plead guilty. See Parker v. North Carolina, 397 U.S. 790, 795, 90 S. Ct. 1458, 25 L.Ed. 2d 785 (1970) ("effective assistance of counsel necessary to voluntariness of plea"). In Iaea v. Sunn The Ninth Circuit established that the defendant is entitled to withdraw his plea when information given by the attorney to the defendant on his potential sentence term is clearly erroneous under existing law. In the case at bar there was ample law available to counsel, he should have properly advised petitioner of possible outcomes. Had the petitioner been properly advised and known the maximum sentence was 120 months not a possible Life sentence under ACCA, he would have "continued to insist" on proceeding with trial.

Third, counsel never told petitioner that the guidelines were in fact discretionary and he would still be exposed to a sentence the court deemed necessary, under Sentencing Factors set forth under USSG §3553(a), for his plea. Counsel was constitutionally deficient, see United States v. Monzo, 675 F.3d 1204 (9th Cir. 2012) (trial counsel advised to defendant about possible sentence constitutionally deficient where the misadvise "had a major impact on the calculation of the discretionary Sentencing Guidelines"). See McMann v. Richardson, 397 U.S. 759, 766, 90 S. Ct. 1441, 25, L. Ed. 2d 793 (1970) the question is not whether "counsel's advise is right or wrong, but... whether that advise was within the range of competence demanded of attorneys in criminal cases" McMann, 397 U.S. at 771.

Due to all the above reasons petitioner was not afforded

the proper information to make an informed and intelligent decision-- and counsel rendered ineffective assistance when he performed below the accepted norms by providing clearly erroneous, and legally inaccurate advice. Had petitioner been properly advised he would have gone to trial, since in fact there was no advantage in following the legally incorrect advise of counsel.

### (2) WITHDRAW OF GUILTY PLEA

In the case at bar, the plea was not made voluntary due to counsel's gross mischarachterazation of possible outcomes. (1) gross mischarachterazation of possible sentence for a plea of guilty, (2) misunderstanding of existing law under ACCA, and (3) misadvise over discretionary sentencing guidelines. Where the defendant challenges the validity of his plea based upon a claim of ineffective assistance of counsel "the voluntariness of the plea depends on whether counsel's advise was within the range of competence demanded of attorneys in criminal cases" see Hill v. Lockhart, 474 U.S. 52 (1985). In the instant case, before the plea hearing, according to counsel the petitioner was to answer all questions to the court positively or he would not receive the 30 months as promised. Counsel told petitioner if he didn't do as advised he would risk a possible Life sentence under ACCA. This advise was erroneous and petitioner accepted the plea based on bad advise, his plea was unknowingly as to actual consequences. Due Process requires that the guilty plea be both knowingly and voluntary because it constitutes the waiver of three constitutional rights (1)

the right to a jury trial (2) right to confront one's accusor and (3) the privilege against self incrimination. See Brooklyn v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 23 L. Ed 2d. 274 (1969). Id. A plea is not knowingly and voluntary unless it is "entered by one fully aware of direct consequences" of the plea, see Brady v. United States, 397 U.S. 742, 754-55, 90 S. Ct. 1465, 25 L. Ed. 2d 747 (1970). Hence, counsel failing to properly advise petitioner as in the case at bar of direct consequences, petitioner was not allowed to make an informed decision. Petitioners plea is invalid, had petitioner been properly advised and known direct consequences for his guilty plea, and had petitioner known he really wasn't facing a possible life sentence he would have "continued to insist" on going to trial. This was not a very strong case, were the weapon was found in a vehicle that didn't belong to petitioner, the weapon was not found in petitioners person nor was there any fingerprints recovered from the weapon, and petitioner had an affidavit from the owner of the vehicle admitting ownership of the weapon in question--who happened to be with petitioner the night of the incident. Petitioner would have been better off going to trial, see Hammond v. United States 528 F.2d 15 (4th Cir. 1975) (Counsel's misadvise so gross that he was ineffective and plea was involuntary). Petitioner only plead because counsel made false promises, stating petitioner would receive a 30 month sentence, or would otherwise be subject to ACCA and face a possible Life sentence. This was an error on counsels behalf. Petitioner did not meet the requirements for ACCA enhancement, counsel should have been aware of this and properly advised petitioner.

### (3) COUNSEL FAILED TO WITHDRAW PLEA

In the instant case, once petitioner received the Pre-Sentence Report (PSR) he noticed the advisory guideline range was 77-96 months, he proceeded to confront counsel, to where counsel stated he would request the 30 month sentence and not worry about the range. Petitioner asked counsel to withdraw the plea but counsel refused to do so. Counsel assured petitioner that he would get a three level downward departure for Acceptance of Responsibility set forth under USSG §3E1.1 and he would get a 30 month sentence. Petitioner later asked counsel to withdraw plea to no avail, (see affidavit in support). In the United States v. Davis 428 F.3d 802 (9th Cir. 2005). A case in which a 75 year old doctor charged with Conspiracy. Entered a plea based on a promise of probation by the attorney. The court held that counsel had rendered constitutionally deficient performance when he advised defendant of the entry of guilty plea, but defendant failed to prove prejudice. The Ninth Circuit Court of Appeals found that defendant did not have to prove that his plea was invalid in order to establish a fair and just reason for withdrawal before sentencing. Counsel could and should have filed a motion to withdraw as petitioner requested, counsel was ineffective for not doing so.

### EVIDENTIARY HEARING

Petitioner prays this honorable court will grant an

evidentiary hearing, petitioner has shown ample evidence including affidavits from family members proving counsel made false promises outside the presence of the court. See United States v. Espinoza 866 F.2d 1067 (9th Cir. 1988) Although "solem declarations in open court carry strong presumption of verity". United States v. Rubalcaba 811 F.2d 491 (9th Cir) (citations omitted) The Ninth Circuit Court has held on several occasions that when prisoners alleged of a coerced plea are based on alleged accurances entirely outside the record, an evidentiary hearing is required. Mayes v. Prickett, 537 F.2d 1080 (9th Cir. 1976), Jones v. United States 384 F.2d 916 (9th Cir. 1967); Marrow v. United States 772 F.2d at 527 (9th Cir. 1985) "With great reluctance" the Ninth Circuit held in Mayes that even an exemplary RULE 11 record was inadequate to determine the appellant's claim of involuntariness where he asserted that his attorney made promises regarding his sentence, Mayes 537 F.2d at 1 84.

GROUND TWO: COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO ARGUE FOR THE THREE-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY SET FORTH UNDER USSG §3E1.1

In United States v. Innie, 7 F.3d 840 (9th Cir. 1993) the Ninth Circuit held "the defendant bears the burden of proof showing entitlement of credit for Acceptance of Responsibility" to establish Acceptance of Responsibility (1) plea of guilty before trial; (2) truthful admissions of elements of the offence; or (3) truthful admissions, or at least no false denial, of "relevant conduct". USSG §3E1.1, App

Note 3.

In the case at bar, counsel had requested a reduction to the court in his sentencing memorandum, but failed to request one from the prosecutor or fully argue the merits during petitioners sentencing. See United States v. Scoop, 25 F.3d 820 (9ht Cir. 1994) "A defendant is entitled to a two-level reduction of his offence level if he clearly demonstrates acceptance of responsibility for his offence, USSG §3E1.1(a)(1993). An additional one level reduction should be granted if the defendant timely provides complete information to the government concerning his own involvement in the offense; or timely notifies authorities of his intention of plead guilty, thereby permitting the government to avoid preparing for trial, USSG §3E1.1(b)(1)(2). Timing is the sole issue when making a determination as to whether or not the defendant will be awarded an additional point." Hence, petitioner should have been awarded the reduction due to (1) petitioner plead guilty before trial to the charged offense; (2) petitioner clearly demonstrated acceptance of responsibility in his interview with the Probation Officer. "The defendant advised this office that 'he takes full responsibility for having the gun in his possession' and notes he made a mistake by hanging around some old friends" See Probation Report at Paragraph "23". Hence, it is clear petitioner complied with the rules set forth, making no false denials and admitting guilt, furthermore, the government avoided preparing for trial and petitioner should have been awarded the additional point.

In the case at bar without explanation the district court failed to grant a three-level reduction for Acceptance of

Responsibility. See United States v. Brady 928 F.2d 844 (9th Cir. 1991) states "district courts must state reasons and justifications for denying the USSG 3E1.1 reduction, notifying the defendant of its findings and holding a hearing on Acceptance of Responsibility issue". Hence counsel was ineffective for failing to even argue this issue that would have made a difference in sentence calculation. The guideline range was set at 77-96 months, with the reduction the range would have been 51-63 months, a 33 month difference at the high end og the guidelines. Counsel's deficient performance definitly prejudiced the defendant, meeting both standards under STRICKLAND. Petitioner's conviction should be vacated and remanded for resentencing due to counsel's ineffective assistance.

***NOTE***: Petitioner will need the sentencing transcripts from the District Court to properly litigate these issues.

I, Angel Jose Rangel, petitioner in the above entitled action declare under penalty of perjury that all of the facts including in this foregoing memorandum are true and correct to the best of my knowledge.

Respectfully Submitted,

_Angel Jose Rangel_ /  DATE: FEB. 05. 2018
Angel Jose Rangel