FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff, Respondent,<br><br>    v.<br><br>ANGEL JOSE RANGEL,<br><br>    Defendant, Petitioner. | NO. 1:15-cr-02060-SAB<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** |

    Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(a), ECF No. 46. The motion was heard without oral argument.

    On August 17, 2016, Petitioner pled guilty to Count 1 of the Indictment charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 35. Pursuant to the plea agreement, the parties agreed to recommend a sentence at the low-end of the advisory guideline range as determined by the Court. ECF No. 34. At sentencing, the Court accepted the Presentence Investigation Report without change and calculated the Total Offense Level at 21, after applying a four-level increase for use of a firearm in connection with another felony offense, assault, and a three-level reduction for acceptance of responsibility. ECF No. 36. At criminal history category VI, the resulting sentencing guideline range was 77 to 91 months. *Id.* Per the terms of the plea agreement, the Government recommended a sentence of 77 months; Petitioner

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** + 1

recommended a term of imprisonment of 30 months. ECF Nos. 40, 41. On November 18, 2016, the Court sentenced Defendant to 100 months imprisonment, with credit for time served, and entered judgment. ECF No. 43.

Under 28 U.S.C. § 2255, the federal district court reviews the motion, attached exhibits, and the record of prior proceedings to determine if these documents "conclusively show that the prisoner is entitled to no relief." If no relief is available, the petition is dismissed; otherwise, "the court shall cause notice thereof to be served upon the United States Attorney." *Id.* Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court may, *sua sponte*, dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." However, if the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The Court has now had an opportunity to review Petitioner's motion. Having done so, the Court concludes that the pertinent documents conclusively demonstrate that Petitioner is entitled to no relief under 28 U.S.C. § 2255.

A one-year statute of limitations applies to 28 U.S.C. § 2255 motions. That limitation period begins to run from the latest of (1) "the date on which the judgment of conviction became final"; or (2) "the date on which the right newly asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* §§ 2255(f)(1), (f)(3). A motion pursuant to § 2255 is deemed filed on the day it is given to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Under some circumstances, the one-year statute of limitations may be equitably tolled if the petitioner has been pursuing his rights diligently and "extraordinary circumstances beyond a prisoner's control make it

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** – 2

impossible to file a petition on time." *Roy v. Lampert,* 465 F.3d 964, 969 (quoting *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled on other grounds)). A petitioner should receive an evidentiary hearing "when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling." *Id.* (emphasis in original) (citing *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)).

Petitioner was convicted on November 18, 2016. No appeal was taken and his judgment of conviction became final on December 6, 2016. *See United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry of the judgment"); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within fourteen days of entry of judgment). Petitioner's pro se motion was dated February 5, 2018, and filed with the Court on February 21, 2018. In his motion, Petitioner seeks to have his sentence vacated on the basis of ineffective assistance of counsel. ECF No. 46. Petitioner alleges that counsel misadvised him on the applicable sentencing guideline calculations and erred in promising him that he would receive a sentence of only thirty months should Petitioner enter into the proposed plea agreement. Because Petitioner's § 2255 motion was not signed until February 5, 2018,[1] and filed on February 21, 2018, approximately two months after the expiration of the one-year deadline, his motion is time-barred. Petitioner has identified no extraordinary circumstances justifying equitable tolling of the one-year statute of limitations.

Accordingly, **IT IS HEREBY ORDERED:**

---

[1] The Court notes that Defendant signed his motion on February 5, 2018, but does not provide a sworn declaration as to when it was given to prison officials for

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** - 3

1. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(a), ECF No. 46, is **DENIED**.

The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** this file.

**DATED** this 22nd day of March 2018.



Stanley A. Bastian
United States District Judge

mailing. Even assuming Defendant gave his motion to prison officials for mailing on the day his motion was signed, Defendant's motion remains untimely.

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** + 4